JUSTICE NELSON
concurs.
¶37 I concur in the Court’s Opinion. That said, and referring to Issue four, I am disturbed by Albert’s contentions that the City sat on his request for documents for months. If true, that is unacceptable. Montana’s Constitution guarantees that no person shall be deprived the right to examine documents of all public bodies or agencies of state government and its subdivisions, except where the demand of individual privacy clearly exceeds the merits of public disclosure. Mont. Const, art. II, §9; Billings Gazette v. City of Billings, 2011 MT 293, ¶¶ 15-16, 362 Mont. 522, 267 P.3d 11.
¶38 A citizen who wishes to exercise this fundamental right should not have to wait months or have to file suit to obtain his requested documents. And, in my view, there is no “mootness” defense to a suit alleging a right-to-know violation, that at some point-after a lengthy wait or after filing suit-the documents were finally delivered. The violation of Article II, Section 9 occurs when the person is deprived of his fundamental right to examine and to observe, and that violation cannot be undone by some later curative action by the government. See Havre Daily News, LLC v. City of Havre, 2006 MT 215, ¶ 83, 333 Mont. 331, 142 P.3d 864 (Nelson & Cotter, JJ., dissenting). Moreover, we held in Havre Daily News that even if the government produces the requested documents after suit is filed ‘in order to dodge th[e] fee shifting statute,’’that does not moot the ability of the requestor to seek attorney’s fees. Havre Daily News, ¶ 44; §2-3-221, MCA.
¶39 Unfortunately here, Albert failed to establish his right-to-know violation on summary judgment for the technical reasons set forth in our Opinion. In my view, however, the allegations of Albert’s Article II, Section 9 claim, if true, reflect a need by the county officials involved to review their right-to-know procedures and protocols. This Court has consistently looked with disfavor on violations of the fundamental *464 right to know. See Yellowstone County v. Billings Gazette, 2006 MT 218, 333 Mont. 390, 14 P.3d 135. As stated in Havre Daily News,
[o]ur right to know is too fundamental to be entrusted to the whims of those who neither understand its constitutional birthright nor honor its power to breach the wall of secrecy that divides the government from the governed.
Havre Daily News, ¶ 85 (Nelson & Cotter, JJ., dissenting).
¶40 Therefore, I concur in the Court’s decision.
JUSTICES COTTER and BAKER join the Concurrence of JUSTICE NELSON.